IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FUNDAMENTAL SPORTS MANAGEMENT, LLC; RAHUL PATEL; GRANT GAINES; ROE-BRG INVESTMENTS, LLC; AND NICOLAS LAHOOD, PLAINTIFFS, | § § § § § | CIVIL ACTION NO. 5:20-CV-00774-FB (LEAD CASE) (JURY TRIAL DEMANDED) |
| V. | § | (CONSOLIDATED WITH 5:20-CV-00775-FB) |
| MAYAR ZOKAEI, DEFENDANT. | § § § § | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HON. FRED BIERY, U.S. DISTRICT JUDGE:

**COME NOW** Plaintiffs Fundamental Sports Management, LLC ("**FSM**") and Rahul Patel ("**Mr. Patel**") (collectively, "**Plaintiffs**") and file this Motion for Partial Summary Judgment, respectfully showing the Court as follows:

## I. Summary

1. Plaintiffs move for summary judgment on the cause of action for breach of two promissory notes. The summary judgment evidence is conclusive and cannot be disputed. In addition, Mayar Zokaei ("**Defendant**") failed to plead the affirmative defense of payment. The amount owed is just a simple mathematical computation. Therefore, summary judgment should be granted.

## II. Judicial Notice & Summary Judgment Evidence

2. Pursuant to Fed. R. Evid. 201(c)(2)-(d), Plaintiffs request that the Court take judicial notice of the contents of the Clerk's file in this lawsuit.

3. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference, the same as though such was incorporated herein, their Original Complaint [Doc. No. 1].

4. Pursuant to Fed. R. Civ. P. 56(c), Plaintiffs hereby give notice of their intent to use the following summary judgment evidence attached hereto:

| | |
|---|---|
| Exhibit A | Declaration of Rahul B. Patel; |
| Exhibit A-1 | Promissory Note Dated December 17, 2019 [Doc. No. 1 at pp. 21-22]; |
| Exhibit A-2 | Promissory Note Dated February 4, 2020 [Doc. No. 1 at pp. 33-34]; |
| Exhibit A-3 | Calculation of Balance Due on Notes. |

## III. Pertinent Factual Background

5. On December 17, 2019, Defendant executed and delivered to Plaintiffs that certain promissory note attached as Exhibit A to Plaintiffs' Original Complaint [Doc. No. 1 at pp. 21-22]. *See* Exhibits A & A-1. The principal amount of this promissory note was Ten Thousand and 00/100 U.S. Dollars ($10,000.00). Doc. No. 1 at pp. 21-22. The interest rate of this promissory note was Ten Percent (10%) per annum. *Id.* The maturity date of this promissory note was December 31, 2020. *Id.*

6. On February 4, 2020, Defendant executed and delivered to Plaintiffs that certain promissory note attached as Exhibit C to Plaintiffs' Original Complaint [Doc. No. 1 at pp. 33-34]. *See* Exhibits A & A-2. The principal amount of this promissory note was Forty Thousand and 00/100 U.S. Dollars ($40,000.00). Doc. No. 1 at pp. 33-34. The interest rate of this promissory note was Ten Percent (10%) per annum. *Id.* The maturity date of this promissory note was December 31, 2020. *Id.*

7. Plaintiffs are the legal owners and holders of the promissory notes. *See* Exhibit A.

8. Defendant has failed to pay any amounts due under the promissory notes. *Id*. The entire balance of principal and interest is owed. *Id*. The daily balance of the principal and interest due under both promissory notes is identified in Exhibit A-3. *Id*. Plaintiffs request judgment be rendered against Defendant in the appropriate amount depending upon the date this Court signs the judgment.

## IV. Legal Standard

9. A party is entitled to summary judgment if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

10. "The substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which reveal that there are no genuine material fact issues. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant produces such evidence, the nonmovant must then direct the court to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See id.* at 323-24.

## V. Arguments & Authorities

11. Plaintiffs are entitled to partial summary judgment because: (1) Defendant judicially admitted to the authenticity of the promissory notes; and (2) Plaintiffs' summary judgment evidence conclusively establishes that (a) the promissory notes are valid and enforceable, (b) Plaintiffs are the holders of the promissory notes, (c) Defendant is the maker of

the promissory notes, and (d) a balance of remains due and owing on the promissory notes as indicated in Exhibit A-3.

12. Suits on promissory notes "provide fit grist for the summary judgment mill." *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995) (quoting *FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir. 1988)).

13. To prevail on a summary judgment motion to enforce a promissory note, a movant must prove: (1) a note exists; (2) the movant is the legal owner or holder of the note; (3) the defendant is the maker of the note; and (4) a certain balance remains due and owing on the note. *Dorsett v. Hispanic Hous. & Educ. Corp.*, 389 S.W.3d 609, 613 (Tex. App. – Houston [14th Dist.] 2012, no pet.); *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995).

14. Defendant has judicially admitted to the authenticity of the promissory notes, which alone conclusively establishes the first three elements of Plaintiffs' cause of action. [Doc. No. 12 at ¶¶ 12, 14]. Regardless, Plaintiffs' summary judgment evidence also conclusively establishes these first three elements. *See* Exhibits A, Doc. No. 1 at pp. 21-22, & Doc. No. 1 at pp. 33-34.

15. Therefore, only the fourth and final element is left to be conclusively established. Because Defendant failed to plead the affirmative defense of payment as required by Fed. R. Civ. P. 8(c)(1), it is undisputed and conclusively established that Defendant breached the promissory notes by failing to pay the amounts due. Regardless, Plaintiffs' summary judgment evidence also conclusively establishes this fourth element. *See* Exhibit A.

16. The final issue then is the balance owed, which is just a simple mathematical computation for which this Court can and is requested to take judicial notice. Plaintiffs have

performed such computation as reflected in Exhibit A-3, and the amount of the judgment will depend on the date this Court renders final judgment.

## VI. Attorney's Fees

17.     A person, including Plaintiffs, may recover attorney's fees from an individual such as Defendant on a claim for breach of contract. Tex. Civ. Prac. & Rem. Code § 38.001(8).

18.     Further, "the holder of a note is prima facie entitled to recover attorney's fees stipulated in the note upon the happening of the contingency which makes attorney's fees payable." *Coastal Shutters & Insulation, Inc v. Derr*, 809 S.W.2d 916,922 (Tex. App.—Houston [14th Dist.] 1991, no writ).  The promissory notes provide for the recovery of attorney's fees in the event of an enforcement action such as this. *See* Doc. No. 1 at pp. 21-22, & Doc. No. 1 at pp. 33-34.

19.     Plaintiffs will seek recovery of costs and attorney fees in accordance with Local Rule CV-7(j)(1) and Fed. R. Civ. P. 54(d)(2).

## VII. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Court grant this Motion in its entirety, enter partial summary judgment as requested herein, and award Plaintiffs all such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be entitled.

        Respectfully submitted,

**PATEL GAINES, PLLC**
221 West Exchange Ave., Suite 206A
Fort Worth, Texas 76164
www.patelgaines.com
(817) 394-4844 | Telephone
(817) 394-4344 | Facsimile

By: *[/s/ Lance H. "Luke" Beshara]*
Lance "Luke" H. Beshara
Texas State Bar No. 24045492
lbeshara@patelgaines.com
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that the date this document was filed with the Clerk of the Court, a true and correct copy was transmitted in accordance with the requirements of the Federal Rules of Civil Procedure, addressed as follows:

***Via ECF Service***:
John D. Murphy
Husein Hadi

*/s/ Lance H. "Luke" Beshara*
Lance H. "Luke" Beshara

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| FUNDAMENTAL SPORTS MANAGEMENT, LLC; RAHUL PATEL; GRANT GAINES; ROE-BRG INVESTMENTS, LLC; AND NICOLAS LAHOOD, PLAINTIFFS, | § § § § § | CIVIL ACTION NO. 5:20-CV-00774-FB (LEAD CASE) (JURY TRIAL DEMANDED) |
| V. | § | (CONSOLIDATED WITH 5:20-CV-00775-FB) |
| MAYAR ZOKAEI, DEFENDANT. | § § § | |

---

**DECLARATION**

---

Pursuant to 28 U.S.C. § 1746, the undersigned makes the following declaration:

1. I am the Chief Executive Officer of Fundamental Sports Management, LLC ("**FSM**").

2. On December 17, 2019, Mayar Zokaei ("**Defendant**") executed and delivered to me and FSM that certain promissory note attached as Exhibit A [Doc. No. 1 at pp. 21-22] to Plaintiff's Original Complaint filed in this action. A true and correct copy of this promissory note is also attached hereto as Exhibit A-1.

3. On February 4, 2020, Defendant executed and delivered to me and FSM that certain promissory note attached as Exhibit C [Doc. No. 1 at pp. 33-34] to Plaintiffs' Original Complaint. A true and correct copy of this promissory note is also attached hereto as Exhibit A-2.

4. I and FSM remain the legal owners and holders of these promissory notes.

5. Defendant has failed to pay any amounts due under these promissory notes. The entire balance of principal and interest is owed. The daily balance of the principal and interest due under these promissory notes is identified in Exhibit A-3 attached hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of June, 2021.

Rahul Patel

# EXHIBIT A-1

**PROMISSORY NOTE**

| | |
|---|---|
| **DATE:** | December 17, 2019 |
| **MAKER:** | Mayar Zokaei |
| **PAYEE:** | Rahul B. Patel, individually and Fundamental Sports Management, LLC |
| **PRINCIPAL AMOUNT:** | Ten Thousand No/100 Dollars ($10,000.00) |
| **ANNUAL INTEREST RATE OF UNPAID PRINCIPAL FROM DATE:** | Ten Percent (10%) |
| **JURISDICTION AND VENUE** | Bexar County, San Antonio, Texas, United States, all applicable laws under the State of Texas. |

**TERMS OF PAYMENT (Payment and Interest):** Maker shall pay to Payee on or before the Maturity Date the total Principal Amount. Annual interest of unpaid principal interest in the amount of Zero Dollars if the total Principal Amount is paid on or before the Maturity Date. Failure to pay the Principal Amount in full on or before the Maturity Date shall be considered an "Event of Default" by Maker.

**MATURITY DATE:** December 31, 2020

**DEFAULT INTEREST:** On or after the occurrence of an Event of Default, the interest rate applicable to the Note shall have accrued at a rate equal to per year that is the lesser of (i) 10.00% or (ii) the maximum rate permitted by applicable law ("Default Interest"). Default Interest, and not any rate set by statue, shall be computed in any entry of judgment pertaining to this Note, and further, shall be paid subsequent to the entry of such judgment, and until actual satisfaction of said judgment. The judgment shall include both the action and the obligation itself. In such event, the Default Interest rate shall continue up through and including all foreclosure proceedings and proceedings for payment of monies, including but not limited to surplus money proceedings and shall be computed in the entry of any judgment, and further, subsequent to the entry of any judgment, and until actual satisfaction of this Note and said judgment.

**SECURITY AGREEMENT:** Repayment of this Note is secured by Mayar Zokaei, all his interest, accounts, property or otherwise including but not limited to those by Mayar Zokaei or in his or her marital estate ("**Collateral**").

Maker promises to pay the order of Payee at the place for payment and according to the terms of payment as stated above.

Maker and each surety, endorser, and guarantor waive all demands for payment, presentation for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

If this Note or any instrument securing collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in additional to other amounts due.

Any notices or other communications required or permitted hereunder shall be sufficiently given and deemed delivered and received when delivered personally or, if sent by registered or certified mail, postage prepaid, to the applicable party at its address above given or at such other address as shall be furnished in writing by such party to the other, the notice shall be deemed to have been delivered and received as of the date so delivered or deposited in the United States Mail.

There shall be no penalty for prepayment hereunder.

The Maker is responsible for all obligations represented by this Note.

When the context requires, singular nouns and pronouns include the plural.

EXECUTED as of the date first written above.

MAKER:

12/17/19

By: ____________________________________

Mayar Zokaei

# EXHIBIT A-2

# PROMISSORY NOTE

| | |
|---|---|
| **DATE:** | February 4, 2020 |
| **MAKER:** | Mayar Zokaei |
| **PAYEE:** | Rahul B. Patel, individually and Fundamental Sports Management, LLC |
| **PRINCIPAL AMOUNT:** | Forty-Thousand No/100 Dollars ($40,000.00) |
| **ANNUAL INTEREST RATE OF UNPAID PRINCIPAL FROM DATE:** | Ten Percent (10%) |
| **JURISDICTION AND VENUE** | Bexar County, San Antonio, Texas, United States, all applicable laws under the State of Texas. |

**TERMS OF PAYMENT (Payment and Interest):** Maker shall pay to Payee on or before the Maturity Date the total Principal Amount. Annual interest of unpaid principal interest in the amount of Zero Dollars if the total Principal Amount is paid on or before the Maturity Date. Failure to pay the Principal Amount in full on or before the Maturity Date shall be considered an "Event of Default" by Maker.

**MATURITY DATE:** December 31, 2020

**DEFAULT INTEREST:** On or after the occurrence of an Event of Default, the interest rate applicable to the Note shall have accrued at a rate equal to per year that is the lesser of (i) 10.00% or (ii) the maximum rate permitted by applicable law ("Default Interest"). Default Interest, and not any rate set by statue, shall be computed in any entry of judgment pertaining to this Note, and further, shall be paid subsequent to the entry of such judgment, and until actual satisfaction of said judgment. The judgment shall include both the action and the obligation itself. In such event, the Default Interest rate shall continue up through and including all foreclosure proceedings and proceedings for payment of monies, including but not limited to surplus money proceedings and shall be computed in the entry of any judgment, and further, subsequent to the entry of any judgment, and until actual satisfaction of this Note and said judgment.

**SECURITY AGREEMENT:** Repayment of this Note is secured by Mayar Zokaei, all his interest, accounts, property or otherwise including but not limited to those by Mayar Zokaei or in his or her marital estate ("**Collateral**").

MZ 2/4/20

Maker promises to pay the order of Payee at the place for payment and according to the terms of payment as stated above.

Maker and each surety, endorser, and guarantor waive all demands for payment, presentation for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

If this Note or any instrument securing collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in additional to other amounts due.

Any notices or other communications required or permitted hereunder shall be sufficiently given and deemed delivered and received when delivered personally or, if sent by registered or certified mail, postage prepaid, to the applicable party at its address above given or at such other address as shall be furnished in writing by such party to the other, the notice shall be deemed to have been delivered and received as of the date so delivered or deposited in the United States Mail.

There shall be no penalty for prepayment hereunder.

The Maker is responsible for all obligations represented by this Note.

When the context requires, singular nouns and pronouns include the plural.

EXECUTED as of the date first written above.

MAKER:

By:__________________________ 2/4/20

Mayar Zokaei

# EXHIBIT A-3

| Promissory Note 1 | | | | Promissory Note 2 | | | | Combined Running Total |
|---|---|---|---|---|---|---|---|---|
| Date | Principal | Interest | Running Total | Date | Principal | Interest | Running Total | |
| | | | | 2/4/20 | $40,000.00 | $0.00 | $40,000.00 | |
| | | | | 3/4/20 | $40,000.00 | $333.33 | $40,333.33 | |
| | | | | 4/4/20 | $40,000.00 | $333.33 | $40,666.67 | |
| | | | | 5/4/20 | $40,000.00 | $333.33 | $41,000.00 | |
| | | | | 6/4/20 | $40,000.00 | $333.33 | $41,333.33 | |
| | | | | 7/4/20 | $40,000.00 | $333.33 | $41,666.67 | |
| | | | | 8/4/20 | $40,000.00 | $333.33 | $42,000.00 | |
| | | | | 9/4/20 | $40,000.00 | $333.33 | $42,333.33 | |
| | | | | 10/4/20 | $40,000.00 | $333.33 | $42,666.67 | |
| | | | | 11/4/20 | $40,000.00 | $333.33 | $43,000.00 | |
| | | | | 12/4/20 | $40,000.00 | $333.33 | $43,333.33 | |
| 12/17/19 | $10,000.00 | $0.00 | $10,000.00 | 1/4/21 | $40,000.00 | $333.33 | $43,666.67 | |
| 1/17/20 | $10,000.00 | $83.33 | $10,083.33 | 2/4/21 | $40,000.00 | $333.33 | $44,000.00 | |
| 2/17/20 | $10,000.00 | $83.33 | $10,166.67 | 3/4/21 | $44,000.00 | $366.67 | $44,366.67 | |
| 3/17/20 | $10,000.00 | $83.33 | $10,250.00 | 4/4/21 | $44,000.00 | $333.33 | $44,700.00 | |
| 4/17/20 | $10,000.00 | $83.33 | $10,333.33 | 5/4/21 | $44,000.00 | $333.33 | $45,033.33 | |
| 5/17/20 | $10,000.00 | $83.33 | $10,416.67 | 6/4/21 | $44,000.00 | $333.33 | $45,366.67 | |
| 6/17/20 | $10,000.00 | $83.33 | $10,500.00 | 6/5/21 | $44,000.00 | $12.05 | $45,378.72 | |
| 7/17/20 | $10,000.00 | $83.33 | $10,583.33 | 6/6/21 | $44,000.00 | $12.05 | $45,390.78 | |
| 8/17/20 | $10,000.00 | $83.33 | $10,666.67 | 6/7/21 | $44,000.00 | $12.05 | $45,402.83 | |
| 9/17/20 | $10,000.00 | $83.33 | $10,750.00 | 6/8/21 | $44,000.00 | $12.05 | $45,414.89 | |
| 10/17/20 | $10,000.00 | $83.33 | $10,833.33 | 6/9/21 | $44,000.00 | $12.05 | $45,426.94 | |
| 11/17/20 | $10,000.00 | $83.33 | $10,916.67 | 6/10/21 | $44,000.00 | $12.05 | $45,439.00 | |
| 12/17/20 | $10,000.00 | $83.33 | $11,000.00 | 6/11/21 | $44,000.00 | $12.05 | $45,451.05 | |
| 1/17/21 | $11,000.00 | $91.67 | $11,091.67 | 6/12/21 | $44,000.00 | $12.05 | $45,463.11 | |
| 2/17/21 | $11,000.00 | $91.67 | $11,183.33 | 6/13/21 | $44,000.00 | $12.05 | $45,475.16 | |
| 3/17/21 | $11,000.00 | $91.67 | $11,275.00 | 6/14/21 | $44,000.00 | $12.05 | $45,487.21 | |
| 4/17/21 | $11,000.00 | $91.67 | $11,366.67 | 6/15/21 | $44,000.00 | $12.05 | $45,499.27 | |
| 5/17/21 | $11,000.00 | $91.67 | $11,458.33 | 6/16/21 | $44,000.00 | $12.05 | $45,511.32 | Combined Running Total |
| 6/17/21 | $11,000.00 | $91.67 | $11,550.00 | 6/17/21 | $44,000.00 | $12.05 | $45,523.38 | $57,073.38 |
| 6/18/21 | $11,000.00 | $3.01 | $11,553.01 | 6/18/21 | $44,000.00 | $12.05 | $45,535.43 | $57,088.45 |
| 6/19/21 | $11,000.00 | $3.01 | $11,556.03 | 6/19/21 | $44,000.00 | $12.05 | $45,547.49 | $57,103.52 |
| 6/20/21 | $11,000.00 | $3.01 | $11,559.04 | 6/20/21 | $44,000.00 | $12.05 | $45,559.54 | $57,118.58 |
| 6/21/21 | $11,000.00 | $3.01 | $11,562.05 | 6/21/21 | $44,000.00 | $12.05 | $45,571.60 | $57,133.65 |
| 6/22/21 | $11,000.00 | $3.01 | $11,565.07 | 6/22/21 | $44,000.00 | $12.05 | $45,583.65 | $57,148.72 |
| 6/23/21 | $11,000.00 | $3.01 | $11,568.08 | 6/23/21 | $44,000.00 | $12.05 | $45,595.71 | $57,163.79 |
| 6/24/21 | $11,000.00 | $3.01 | $11,571.10 | 6/24/21 | $44,000.00 | $12.05 | $45,607.76 | $57,178.86 |
| 6/25/21 | $11,000.00 | $3.01 | $11,574.11 | 6/25/21 | $44,000.00 | $12.05 | $45,619.82 | $57,193.93 |
| 6/26/21 | $11,000.00 | $3.01 | $11,577.12 | 6/26/21 | $44,000.00 | $12.05 | $45,631.87 | $57,209.00 |
| 6/27/21 | $11,000.00 | $3.01 | $11,580.14 | 6/27/21 | $44,000.00 | $12.05 | $45,643.93 | $57,224.06 |
| 6/28/21 | $11,000.00 | $3.01 | $11,583.15 | 6/28/21 | $44,000.00 | $12.05 | $45,655.98 | $57,239.13 |
| 6/29/21 | $11,000.00 | $3.01 | $11,586.16 | 6/29/21 | $44,000.00 | $12.05 | $45,668.04 | $57,254.20 |
| 6/30/21 | $11,000.00 | $3.01 | $11,589.18 | 6/30/21 | $44,000.00 | $12.05 | $45,680.09 | $57,269.27 |
| 7/1/21 | $11,000.00 | $3.01 | $11,592.19 | 7/1/21 | $44,000.00 | $12.05 | $45,692.15 | $57,284.34 |
| 7/2/21 | $11,000.00 | $3.01 | $11,595.21 | 7/2/21 | $44,000.00 | $12.05 | $45,704.20 | $57,299.41 |
| 7/3/21 | $11,000.00 | $3.01 | $11,598.22 | 7/3/21 | $44,000.00 | $12.05 | $45,716.26 | $57,314.47 |
| 7/4/21 | $11,000.00 | $3.01 | $11,601.23 | 7/4/21 | $44,000.00 | $12.05 | $45,728.31 | $57,329.54 |
| 7/5/21 | $11,000.00 | $3.01 | $11,604.25 | 7/5/21 | $44,000.00 | $12.05 | $45,740.37 | $57,344.61 |
| 7/6/21 | $11,000.00 | $3.01 | $11,607.26 | 7/6/21 | $44,000.00 | $12.05 | $45,752.42 | $57,359.68 |
| 7/7/21 | $11,000.00 | $3.01 | $11,610.27 | 7/7/21 | $44,000.00 | $12.05 | $45,764.47 | $57,374.75 |
| 7/8/21 | $11,000.00 | $3.01 | $11,613.29 | 7/8/21 | $44,000.00 | $12.05 | $45,776.53 | $57,389.82 |
| 7/9/21 | $11,000.00 | $3.01 | $11,616.30 | 7/9/21 | $44,000.00 | $12.05 | $45,788.58 | $57,404.89 |
| 7/10/21 | $11,000.00 | $3.01 | $11,619.32 | 7/10/21 | $44,000.00 | $12.05 | $45,800.64 | $57,419.95 |
| 7/11/21 | $11,000.00 | $3.01 | $11,622.33 | 7/11/21 | $44,000.00 | $12.05 | $45,812.69 | $57,435.02 |
| 7/12/21 | $11,000.00 | $3.01 | $11,625.34 | 7/12/21 | $44,000.00 | $12.05 | $45,824.75 | $57,450.09 |
| 7/13/21 | $11,000.00 | $3.01 | $11,628.36 | 7/13/21 | $44,000.00 | $12.05 | $45,836.80 | $57,465.16 |
| 7/14/21 | $11,000.00 | $3.01 | $11,631.37 | 7/14/21 | $44,000.00 | $12.05 | $45,848.86 | $57,480.23 |
| 7/15/21 | $11,000.00 | $3.01 | $11,634.38 | 7/15/21 | $44,000.00 | $12.05 | $45,860.91 | $57,495.30 |
| 7/16/21 | $11,000.00 | $3.01 | $11,637.40 | 7/16/21 | $44,000.00 | $12.05 | $45,872.97 | $57,510.37 |
| 7/17/21 | $11,000.00 | $3.01 | $11,640.41 | 7/17/21 | $44,000.00 | $12.05 | $45,885.02 | $57,525.43 |

| 7/18/21 | $11,000.00 | $3.01 | $11,643.42 | 7/18/21 | $44,000.00 | $12.05 | $45,897.08 | $57,540.50 |
|---|---|---|---|---|---|---|---|---|
| 7/19/21 | $11,000.00 | $3.01 | $11,646.44 | 7/19/21 | $44,000.00 | $12.05 | $45,909.13 | $57,555.57 |
| 7/20/21 | $11,000.00 | $3.01 | $11,649.45 | 7/20/21 | $44,000.00 | $12.05 | $45,921.19 | $57,570.64 |
| 7/21/21 | $11,000.00 | $3.01 | $11,652.47 | 7/21/21 | $44,000.00 | $12.05 | $45,933.24 | $57,585.71 |
| 7/22/21 | $11,000.00 | $3.01 | $11,655.48 | 7/22/21 | $44,000.00 | $12.05 | $45,945.30 | $57,600.78 |
| 7/23/21 | $11,000.00 | $3.01 | $11,658.49 | 7/23/21 | $44,000.00 | $12.05 | $45,957.35 | $57,615.84 |
| 7/24/21 | $11,000.00 | $3.01 | $11,661.51 | 7/24/21 | $44,000.00 | $12.05 | $45,969.41 | $57,630.91 |
| 7/25/21 | $11,000.00 | $3.01 | $11,664.52 | 7/25/21 | $44,000.00 | $12.05 | $45,981.46 | $57,645.98 |
| 7/26/21 | $11,000.00 | $3.01 | $11,667.53 | 7/26/21 | $44,000.00 | $12.05 | $45,993.52 | $57,661.05 |
| 7/27/21 | $11,000.00 | $3.01 | $11,670.55 | 7/27/21 | $44,000.00 | $12.05 | $46,005.57 | $57,676.12 |
| 7/28/21 | $11,000.00 | $3.01 | $11,673.56 | 7/28/21 | $44,000.00 | $12.05 | $46,017.63 | $57,691.19 |
| 7/29/21 | $11,000.00 | $3.01 | $11,676.58 | 7/29/21 | $44,000.00 | $12.05 | $46,029.68 | $57,706.26 |
| 7/30/21 | $11,000.00 | $3.01 | $11,679.59 | 7/30/21 | $44,000.00 | $12.05 | $46,041.74 | $57,721.32 |
| 7/31/21 | $11,000.00 | $3.01 | $11,682.60 | 7/31/21 | $44,000.00 | $12.05 | $46,053.79 | $57,736.39 |
| 8/1/21 | $11,000.00 | $3.01 | $11,685.62 | 8/1/21 | $44,000.00 | $12.05 | $46,065.84 | $57,751.46 |
| 8/2/21 | $11,000.00 | $3.01 | $11,688.63 | 8/2/21 | $44,000.00 | $12.05 | $46,077.90 | $57,766.53 |
| 8/3/21 | $11,000.00 | $3.01 | $11,691.64 | 8/3/21 | $44,000.00 | $12.05 | $46,089.95 | $57,781.60 |
| 8/4/21 | $11,000.00 | $3.01 | $11,694.66 | 8/4/21 | $44,000.00 | $12.05 | $46,102.01 | $57,796.67 |
| 8/5/21 | $11,000.00 | $3.01 | $11,697.67 | 8/5/21 | $44,000.00 | $12.05 | $46,114.06 | $57,811.74 |
| 8/6/21 | $11,000.00 | $3.01 | $11,700.68 | 8/6/21 | $44,000.00 | $12.05 | $46,126.12 | $57,826.80 |
| 8/7/21 | $11,000.00 | $3.01 | $11,703.70 | 8/7/21 | $44,000.00 | $12.05 | $46,138.17 | $57,841.87 |
| 8/8/21 | $11,000.00 | $3.01 | $11,706.71 | 8/8/21 | $44,000.00 | $12.05 | $46,150.23 | $57,856.94 |
| 8/9/21 | $11,000.00 | $3.01 | $11,709.73 | 8/9/21 | $44,000.00 | $12.05 | $46,162.28 | $57,872.01 |
| 8/10/21 | $11,000.00 | $3.01 | $11,712.74 | 8/10/21 | $44,000.00 | $12.05 | $46,174.34 | $57,887.08 |
| 8/11/21 | $11,000.00 | $3.01 | $11,715.75 | 8/11/21 | $44,000.00 | $12.05 | $46,186.39 | $57,902.15 |
| 8/12/21 | $11,000.00 | $3.01 | $11,718.77 | 8/12/21 | $44,000.00 | $12.05 | $46,198.45 | $57,917.21 |
| 8/13/21 | $11,000.00 | $3.01 | $11,721.78 | 8/13/21 | $44,000.00 | $12.05 | $46,210.50 | $57,932.28 |
| 8/14/21 | $11,000.00 | $3.01 | $11,724.79 | 8/14/21 | $44,000.00 | $12.05 | $46,222.56 | $57,947.35 |
| 8/15/21 | $11,000.00 | $3.01 | $11,727.81 | 8/15/21 | $44,000.00 | $12.05 | $46,234.61 | $57,962.42 |
| 8/16/21 | $11,000.00 | $3.01 | $11,730.82 | 8/16/21 | $44,000.00 | $12.05 | $46,246.67 | $57,977.49 |
| 8/17/21 | $11,000.00 | $3.01 | $11,733.84 | 8/17/21 | $44,000.00 | $12.05 | $46,258.72 | $57,992.56 |
| 8/18/21 | $11,000.00 | $3.01 | $11,736.85 | 8/18/21 | $44,000.00 | $12.05 | $46,270.78 | $58,007.63 |
| 8/19/21 | $11,000.00 | $3.01 | $11,739.86 | 8/19/21 | $44,000.00 | $12.05 | $46,282.83 | $58,022.69 |
| 8/20/21 | $11,000.00 | $3.01 | $11,742.88 | 8/20/21 | $44,000.00 | $12.05 | $46,294.89 | $58,037.76 |
| 8/21/21 | $11,000.00 | $3.01 | $11,745.89 | 8/21/21 | $44,000.00 | $12.05 | $46,306.94 | $58,052.83 |
| 8/22/21 | $11,000.00 | $3.01 | $11,748.90 | 8/22/21 | $44,000.00 | $12.05 | $46,319.00 | $58,067.90 |
| 8/23/21 | $11,000.00 | $3.01 | $11,751.92 | 8/23/21 | $44,000.00 | $12.05 | $46,331.05 | $58,082.97 |
| 8/24/21 | $11,000.00 | $3.01 | $11,754.93 | 8/24/21 | $44,000.00 | $12.05 | $46,343.11 | $58,098.04 |
| 8/25/21 | $11,000.00 | $3.01 | $11,757.95 | 8/25/21 | $44,000.00 | $12.05 | $46,355.16 | $58,113.11 |
| 8/26/21 | $11,000.00 | $3.01 | $11,760.96 | 8/26/21 | $44,000.00 | $12.05 | $46,367.21 | $58,128.17 |
| 8/27/21 | $11,000.00 | $3.01 | $11,763.97 | 8/27/21 | $44,000.00 | $12.05 | $46,379.27 | $58,143.24 |
| 8/28/21 | $11,000.00 | $3.01 | $11,766.99 | 8/28/21 | $44,000.00 | $12.05 | $46,391.32 | $58,158.31 |
| 8/29/21 | $11,000.00 | $3.01 | $11,770.00 | 8/29/21 | $44,000.00 | $12.05 | $46,403.38 | $58,173.38 |
| 8/30/21 | $11,000.00 | $3.01 | $11,773.01 | 8/30/21 | $44,000.00 | $12.05 | $46,415.43 | $58,188.45 |
| 8/31/21 | $11,000.00 | $3.01 | $11,776.03 | 8/31/21 | $44,000.00 | $12.05 | $46,427.49 | $58,203.52 |