IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FUNDAMENTAL SPORTS** § | | |
| **MANAGEMENT, LLC, ET AL** § | | |
| **Plaintiff,** § | | |
| § | | |
| § | | |
| **V.** § | | SA-20-CA-774-FB |
| § | | |
| **MAYAR ZOKAEI** § | | |
| **Defendants.** § | | |

DEFENDANT'S RESPONSE TO THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Now respectfully comes Defendant, Mayar Zokaei, who files his Response to the Plaintiffs' Motion for Partial Summary Judgment, and in support thereof would show unto the court as follows:

I.  INTRODUCTION

The Plaintiffs' Motion should be denied on  independent grounds.   First, it is premature in that Defendant has had no opportunity for discovery.   The Court has directed the discovery period to end on July 19, 2021.   As of today, no depositions have been scheduled in this case.   None of the parties have been deposed.   Recently, the respective counsel discussed seeking leave of Court to extend the discovery deadline.

II.  The Summary Judgment Standard

Summary judgment is proper if the movant shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Tolan

v. Cotton, 572 U.S. 650, 656-57 (2014); see Celotex Corp. v. Catrett, 477 U.S.317, 322 (1986).   The burden of proof in a summary judgment proceeding is on the same party who would bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

### III.  Movant has submitted no evidence of attorneys' fees

Movant is requesting attorneys' fees.   Movant, however, provides no proof of entitlement to attorneys' fees.    If the movant is entitled to attorney fees as an element of damages, the movant must request attorneys' fees both in ita complaint and in its motion for summary judgment.   To support its claim for attorney fees, the movant must prove the amount and reasonableness of the fees with the summary-judgment proof, generally by affidavits.

To support a claim for attorney fees from the adverse party, the party must offer the following proof:

1.  The fees were necessary and incurred.   The record must show that the attorney fees were necessary and that they were incurred.   Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818-819 (Tex. 1997).

2.   The fees were reasonable.   In most cases, the party claiming attorney fees must prove  the attorneys fees were reasonable.   Arthur Andersen, 945 S.W.2d at 818, see Smith v. Smith, 757 S.W.2d 422, 424 (Tex. App.--Dallas 1988, writ denied)(reasonableness must be supported by evidence).

3.   The fees were segregated.   When a party is entitled to attorney  fees from the adverse party on one cause of action but not another, the party claiming attorneys' fees must segregate the recoverable fees from the nonrecoverable fees.   Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 313 (Tex. 2006).

### IV.  Request for Continuance

Respondent Zokaei would respectfully request additional time in which to respond to this Motion for Partial Summary Judgment.    Respondent would respectfully invite the Court's attention to the fact that presently, less than ten (10) days prior to the Court's discovery deadline of July 19, 2021, no depositions at all have been obtained.    Counsel for Respondent Zokaei has repeatedly requested the deposition of a representative of Plaintiff, Fundamental Sports Management.    Despite those requests, the deposition has only recently been rescheduled for August, well after the response date for this Motion for Partial Summary Judgment.

If a party is unable to respond to a motion for summary judgment, it should request additional time to obtain affidavits or to conduct discovery.   Fed. R. Civ. P. 56(d)(2); see, Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).   The purposes of a motion for continuance are to (1) allow parties to conduct additional discovery and (2) alert the court that a summary judgment ruling might be premature.

Here, Respondent Zokaei respectfully requests a continuance to allow him to depose a representative of Fundamental Sports Management and Mr. Patel.  Respondent would respectfully invite the Court's attention to the fact that he has previously, persistently requested the deposition of a corporate representative of FSM but to no avail.    These depositions are relevant and material.

Respondent Zokaei respectfully requests a continuance for additional discovery at least until August 31, 2021.

                                  Respectfully submitted,
                                   HIGDON LAWYERS

                                  /s/John D. Murphy_
                                  Paul A. Higdon
                                  SBOT:  095700700
                                  John D. Murphy
                                  SBOT:  14701475
                                  4900 Fournace, Suite 460
                                  Bellaire, Texas  77401
                                  713/223-7300 (telephone)
                                  713/223-7331 (fax)
                                  staff@higdonlawyers.com
                                  ATTORNEYS IN CHARGE
                                  FOR DEFENDANT
                                  MAYAR ZOKAEI

                    CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record and interested parties in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas, San Antonio Division on this the 9th day of July, 2021.

                                  /s/John D. Murphy
                                  John D. Murphy