IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FUNDAMENTAL SPORTS MANAGEMENT, LLC; RAHUL PATEL; GRANT GAINES; NICOLAS LaHOOD; and ROE-BRG INVESTMENTS, LLC,<br><br>Plaintiffs,<br><br>V.<br><br><br><br>MAYAR ZOKAEI,<br><br>Defendant. | CIVIL ACTION NO. SA-20-CA-774-FB<br>(LEAD CASE)<br><br>(Consolidated With SA-20-CA-775-FB) |

**ORDER GRANTING PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Before the Court are Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 26) and Defendant's response (Doc. No. 27) in opposition thereto, which contains a request for extension of time to respond to the substance of Plaintiffs' motion. Plaintiffs did not file a discretionary reply to Defendant's response. After careful consideration, the Court is of the opinion that Defendant's requested continuance should be denied and Plaintiffs' motion should be granted.

BACKGROUND

Plaintiffs filed this breach of contract and fraud action on July 3, 2020. The same day, Plaintiffs removed a state court matter wherein Defendant made similar allegations against Plaintiffs. The Court subsequently consolidated the cases.

On September 21, 2020, the Court issued an Order for Scheduling Recommendations requiring that the parties confer and submit suggested pretrial deadlines to control the course of this case. (Doc.

No. 13). The Court issued a Scheduling Order (Doc. No. 17) on November 20, 2020. The Scheduling Order reflects the parties' requested discovery deadline of July 19, 2021, and dispositive motions deadline of August 23, 2021.

Plaintiffs filed their motion for partial summary judgment on June 18, 2021. The motion concerns two promissory notes executed by Defendant. On December 17, 2019, Defendant executed and delivered to Plaintiffs a promissory note. (Attached as Exhibit A to Plaintiffs' Original Complaint [Doc. No. 1 at pp. 21-22]; *see* Exhibits A & A-1). The principal amount of this promissory note was Ten Thousand and 00/100 U.S. Dollars ($10,000.00). (Doc. No. 1 at pp. 21-22). The interest rate of this promissory note was Ten Percent (10%) per annum. *Id.* The maturity date of this promissory note was December 31, 2020. *Id.*

On February 4, 2020, Defendant executed and delivered to Plaintiffs a second promissory note. (Attached as Exhibit C to Plaintiffs' Original Complaint [Doc. No. 1 at pp. 33-34]); *see* (Exhibits A & A-2). The principal amount of this promissory note was Forty Thousand and 00/100 U.S. Dollars ($40,000.00). (Doc. No. 1 at pp. 33-34). The interest rate of this promissory note was Ten Percent (10%) per annum. *Id.* The maturity date of this promissory note was December 31, 2020. *Id.*

In support of their motion, Plaintiffs argue they are the legal owners and holders of the two promissory notes at issue and contend the entire balance of principal and interest is owed. *See* (Exhibit A [declaration of Rahul B. Patel] & A-3 [identifying daily balance of principal and interest due under both promissory notes]). Plaintiffs also state they will seek recovery of costs and attorney fees in accordance with Local Rule CV-7(j)(1) and Federal Rule of Civil Procedure 54(d)(2).

Defendant filed a response in opposition to Plaintiffs' Motion for Partial Summary Judgment on July 9, 2021. He contends that because he has had no opportunity for discovery Plaintiffs' motion

is premature. Defendant also argues. (Doc. No. 27 at p. 1). Defendant also argues Plaintiffs have submitted no evidence in support of their request for attorneys' fees. Finally, Defendant requests a continuance until at least August 31, 2021, to take the depositions of two of the Plaintiffs. *Id.* at 3. He argues:

> If a party is unable to respond to a motion for summary judgment, it should request additional time to obtain affidavits or to conduct discovery. Fed. R. Civ. P. 56(d)(2); see, Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The purposes of a motion for continuance are to (1) allow parties to conduct additional discovery and (2) alert the court that a summary judgment ruling might be premature

Here, Respondent Zokaei respectfully requests a continuance to allow him to depose a representative of Fundamental Sports Management and Mr. Patel. Respondent would respectfully invite the Court's attention to the fact that he has previously, persistently requested the deposition of a corporate representative of FSM but to no avail. These depositions are relevant and material.

*Id.* at 2-3. Plaintiffs did not file a discretionary reply to Defendant's response.

## DISCUSSION

I.      Defendants' Requested Continuance

Defendant requests additional time to respond to Plaintiffs' Motion for Partial Summary judgment pursuant to Rule 56(d)(2) of the Federal Rules of Civil Procedure to allow him to depose a representative of Fundamental Sports Management and Rahul Patel. Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

*Id.*

To obtain a continuance under Rule 56(d), the party opposing summary judgment must file a

motion, along with an affidavit or declaration, setting forth why he or she cannot present, by affidavit or declaration, evidence necessary to justify his or her opposition to the summary judgment motion. *Id.*; *see also Access Telecom, Inc. v. MCI Telecomms. Corp.,* 197 F.3d 694, 719 (5th Cir. 1999). The party moving for the continuance must show why he needs the additional discovery and how the additional discovery will demonstrate that a genuine dispute of material fact exists. *Stults v. Conoco, Inc.,* 76 F.3d 651, 657-58 (5th Cir. 1996) (citation omitted). A party may not "rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 162 (5th Cir. 2006) (citation and quotation marks omitted). Finally, the party requesting the additional discovery or extension must show that relevant discovery has been diligently pursued. *Wichita Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 919 (5th Cir. 1992).

Although required by Rule 56(d), Defendant has filed no motion accompanied by an affidavit or declaration to justify his opposition. Therefore, he has failed to satisfy this requirement. Further, he filed nothing to show why he needed additional discovery and how it would help him demonstrate that genuine disputes of material fact exist regarding Plaintiffs' claims. Moreover, there is nothing in the record to indicate or establish that Defendant has diligently pursued the discovery he now seeks, the deadline for which ended on July 19, 2021, more than eight months after the entry of the Scheduling Order. Additionally, Defendant did not move to extend the time to conduct discovery before it expired, even though he states in his response to Plaintiffs' motion that "[r]ecently, the respective counsel discussed seeking leave of Court to extend the discovery deadline." (Doc. No. 27 at p. 2).

Additionally, Plaintiffs move for summary judgment on two promissory notes executed by Defendant. Facts regarding these notes are presumably within Defendant's knowledge and possession and can be set forth in an affidavit by him. Likewise, whether Defendant is in default on the notes or

whether the breach of contract allegations are actionable under Texas law are matters that should not require discovery and are not an appropriate basis for seeking a continuance under Rule 56(d), which usually comes into play when a party contends that "relevant facts are in the exclusive control of the opposing party." *Union City Barge Line, Inc.,* 823 F.2d at 136. Moreover, if Defendant seeks to depose the representative of Fundamental Sports and Mr. Patel regarding the grounds raised by Plaintiffs, this is not clear from his motion for continuance.  For these reasons, Defendants has failed to comply with Rule 56(d) and applicable case authority.

In addition to the above reasons, another compelling reason exists to deny Defendant's motion for a continuance. As Defendant seeks a continuance, he is requesting the Court to modify the Scheduling Order to reflect an out-of-time discovery deadline.  Before the Court modifies a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank,* 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.,* 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: "(1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted).  In applying this standard, the four factors collectively weigh against a modification of the Scheduling Order.   Furthermore, the record reflects that the parties conferred prior to the entry of the Court's Scheduling Order.  Therefore, Defendant was aware of the discovery and dispositive

motions deadlines and is estopped from arguing that Plaintiffs' motion is premature. For these reasons, Defendant's request for additional time to respond to Plaintiffs' Motion for Partial Summary Judgment to allow him to depose a representative of Fundamental Sports Management and Rahul Patel is DENIED.

II.     Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs move for summary judgment on the cause of action for breach of two promissory notes. They argue the summary judgment evidence is conclusive and cannot be disputed, and Defendant failed to plead the affirmative defense of payment. Therefore, Plaintiffs contend their motion for partial summary judgment should be granted.

Summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Jones v. New Orleans Reg'l Hosp. Org.,* 981 F.3d 428, 432 (5th Cir. 2020) (internal citations omitted); see FED. R. CIV. P. 56. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *TIG Ins. Co. v. Sedgwick James,* 276 F.3d 754, 759 (5th Cir. 2002) (citation omitted). The Court views all facts and evidence in the light most favorable to the nonmovant. *Johnson v. Diversicare Afton Oaks, LLC,* 597 F.3d 673, 675 (5th Cir. 2010).

For the reasons set forth in Plaintiffs' motion and the attachments thereto, the Court finds that Plaintiffs are entitled to partial summary judgment because: (1) Defendant judicially admitted to the authenticity of the promissory notes; and (2) Plaintiffs' summary judgment evidence conclusively establishes that (a) the promissory notes are valid and enforceable, (b) Plaintiffs are the holders of the promissory notes, (c) Defendant is the maker of the promissory notes, and (d) a balance of remains due

and owing on the promissory notes as indicated in Exhibit A-3.

Suits on promissory notes "provide fit grist for the summary judgment mill." *Resolution Tr. Corp. v. Starkey,* 41 F.3d 1018, 1023 (5th Cir. 1995) (*quoting FDIC v. Cardinal Oil Well Servicing Co.,* 837 F.2d 1369, 1371 (5th Cir. 1988)). To prevail on a summary judgment motion to enforce a promissory note, a movant must prove: (1) a note exists; (2) the movant is the legal owner or holder of the note; (3) the defendant is the maker of the note; and (4) a certain balance remains due and owing on the note. *Dorsett v. Hispanic Hous. & Educ. Corp.,* 389 S.W.3d 609, 613 (Tex. App. – Houston [14th Dist.] 2012, no pet.); *Resolution Trust Corp. v. Starkey,* 41 F.3d 1018, 1023 (5th Cir. 1995).

Defendant has judicially admitted to the authenticity of the promissory notes, which alone conclusively establishes the first three elements of Plaintiffs' cause of action. (Doc. No. 12 at ¶¶ 12, 14). In any event, Plaintiffs' summary judgment evidence also conclusively establishes these first three elements. *See* (Exhibits A, Doc. No. 1 at pp. 21-22, & Doc. No. 1 at pp. 33-34).

Therefore, only the fourth and final element is left to be conclusively established. Because Defendant failed to plead the affirmative defense of payment as required by Federal Rule of Civil Procedure 8(c)(1), it is undisputed and conclusively established that Defendant breached the promissory notes by failing to pay the amounts due. Regardless, Plaintiffs' summary judgment evidence also conclusively establishes this fourth element. *See* (Exhibit A).

The final issue then is the balance owed, which is a mathematical computation for which this Court can and is requested to take judicial notice. Plaintiffs have performed such computation as reflected in Exhibit A-3, and the Court finds the amount due and owing as of the date of this Order is $57,811.74.

III.    Attorneys' Fees

Plaintiffs cite the standard of review for the holder of a note seeking to recover attorneys' fees and state that they "will seek recovery of costs and attorney fees in accordance with Local Rule CV-7(j)(1) and FED. R. CIV. P. 54(d)(2)." (Doc. No. 26 at p. 5). As Defendant points out, Plaintiffs have submitted no evidence to support such a claim. (Doc. No. 27 at p. 2). Accordingly, the Court will consider a request for attorneys' fees and costs if, as, and when a timely and proper motion is filed after a final judgment is entered in this case.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 26) is GRANTED such that summary judgment is entered in Plaintiffs' favor and against Defendant on the Promissory Note dated December 17, 2019, and the Promissory Note dated February 4, 2020, in the total amount of $57,811.74.

It is so ORDERED.

SIGNED this 5th day of August, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE