**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| FUNDAMENTAL SPORTS MANAGEMENT, LLC; RAHUL PATEL; GRANT GAINES; ROE-BRG INVESTMENTS, LLC; AND NICOLAS LAHOOD, PLAINTIFFS, v. MAYAR ZOKAEI, DEFENDANT. | § § § § § § § § § § | CIVIL ACTION NO. 5:20-CV-00774-FB (LEAD CASE) (JURY TRIAL DEMANDED) (CONSOLIDATED WITH 5:20-CV-00775-FB) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S REMOVED ACTION**

TO THE HON. FRED BIERY, U.S. DISTRICT JUDGE:

**COME NOW** Plaintiffs Fundamental Sports Management, LLC ("**FSM**"); Rahul Patel ("**Patel**"); Grant Gaines ("**Gaines**"); ROE-BRG Investments, LLC ("**Roe**"); and Nicolas Lahood ("**Lahood**") (collectively, "**Plaintiffs**") and file their Reply in Support of Motion to Dismiss Defendant's Removed Action, respectfully showing the Court as follows:

### I. Summary

1.  Rather than offer a cogent explanation or sufficient excuse for his failure to serve Plaintiffs with summons and failure to state a claim, Defendant Mayar Zokaei ("**Defendant**") instead attempted to recast Plaintiff's motion to dismiss as being one for sanctions or for dismissal under Fed. R. Civ. P. 41.  Insofar as the "sanction" for failing to serve the summons or state a claim is dismissal of the action, Defendant is technically correct.  Nevertheless, that does not transform a motion to dismiss into a motion for sanctions or for dismissal under Fed. R. Civ. P. 41.  Because Defendant failed to actually respond to the arguments set forth in the motion to dismiss, he is deemed to have abandoned his claims, and this Court should grant the motion.

## II. Arguments & Authorities

### A. Recharacterization as Motion for Sanctions Lacks Merit

2.  When a party fails to effectuate service of the summons by the deadline specified in Fed. R. Civ. P. 4, a defendant is expressly authorized to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).  That dismissal of the action is the consequence of such failure to serve does not transform a motion to dismiss into a motion for sanctions.  Defendant's response arguing to the contrary is directly contradicted by the procedure and consequence established by Fed. R. Civ. P. 12.

### B. Recharacterization as Fed. R. Civ. P. 41 Motion Lacks Merit

3.  While the Removed Action might possibly have been ripe for dismissal pursuant to Fed. R. Civ. P. 41 if Defendant had ever actually served any of Plaintiffs,[1] the indisputable fact is that Defendant never served, much less even requested the issuance of, a summons on any of Plaintiffs.  Again, Fed. R. Civ. P. 12 establishes the procedure and consequence when a party fails to serve the summons by the deadline set forth in Fed. R. Civ. P. 4, and because Defendant failed to serve the summons by the deadline, Plaintiffs properly filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).

### C. Defendant Abandoned His Claims By Failing to Respond to Plaintiffs' Arguments

4.  Defendant wholly failed to respond to the arguments set forth in Fed. R. Civ. P. 12(b)(5), and for good reason – it is indisputable that Defendant failed to serve or even request the issuance of the summons.  Therefore, Defendant: (1) has waived any arguments that could possibly have been asserted in opposition to the motion; and (2) is deemed to have abandoned the claims he asserted in the Removed Action.  *See Magee v. Life Ins. Co. of N. Am.*, 261 F.

---

[1] *See, e.g., Shugart v. Six Unknown Fannin Co. Sheriffs*; Civil Action No. 4:14cv782; 2021 U.S. Dist. LEXIS 56485, at *4-5 (E.D. Tex. Mar. 25, 2021).

Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) ("failure to brief an argument in the district court waives that argument in that court."); *HLT Props., LLC v. Evanston Ins. Co.*, 388 F. Supp. 3d 718, 737 (W.D. Tex. 2019) ("A plaintiff abandons a claim when [he] does not respond to a dispositive motion's arguments attacking it.") (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

### III.  Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Court grant the Motion, dismiss the Removed Action with prejudice as requested therein, and award Plaintiffs all such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**PATEL GAINES, PLLC**
221 West Exchange Ave., Suite 206A
Fort Worth, Texas 76164
www.patelgaines.com
(817) 394-4844 | Telephone
(817) 394-4344 | Facsimile

By: */s/ Lance H. "Luke" Beshara*
Lance "Luke" H. Beshara
Texas State Bar No. 24045492
lbeshara@patelgaines.com
**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I certify that the date this document was filed with the Clerk of the Court, a true and correct copy was transmitted in accordance with the requirements of the Federal Rules of Civil Procedure, addressed as follows:

*Via ECF Service*:
Paul Higdon
John D. Murphy
Husein Hadi

*/s/ Lance H. "Luke" Beshara*
Lance H. "Luke" Beshara