IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FUNDAMENTAL SPORTS MANAGEMENT, LLC; RAHUL PATEL; GRANT GAINES; NICOLAS LaHOOD; and ROE-BRG INVESTMENTS, LLC, <br><br> Plaintiffs, <br><br> V. <br><br><br><br> MAYAR ZOKAEI, <br><br> Defendant. | CIVIL ACTION NO. SA-20-CA-774-FB <br> (LEAD CASE) <br><br> (Consolidated With SA-20-CA-775-FB) |

**ORDER DENYING PLAINTIFFS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS REMOVED ACTION**

Before the Court are Plaintiffs' Second Motion for Partial Summary Judgment (docket no. 29) and Plaintiffs' Motion to Dismiss Defendant's Removed Action (docket no. 30), along with related filings. After careful consideration of the motions, responses, replies, the pleadings on file and the entire record in this consolidated action, the Court is of the opinion that the motions should be denied.

Plaintiffs first seek to dismiss the case defendant filed against them in state court and which they removed to federal court, member case SA-20-CA-775-FB. Although defendant did not did not serve plaintiffs, the Court finds that plaintiffs waived and/or forfeited their defense of insufficient service of process through their extensive participation in this consolidated action. *See Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir.1987) (explaining that Rule 12 defense may be waived by formal submission or by submission through conduct); *see also Henderson v. United States*, 517 U.S. 654, 672 (1996) (noting that such rule is consistent with core function of service of process: "to supply

notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections").

Plaintiffs also argue defendant's case against them is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accepting all well-pleaded facts as true and viewing them in the light most favorable to the nonmovant as required when ruling on a Rule 12(b)(6) motion, *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004), the Court finds that defendant has stated a plausible set of facts against plaintiffs that support his breach of contract and Fair Labor Standards Act claims upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that claim should not be dismissed unless court determines that non-movant can prove no plausible set of facts that support claim and would justify relief); *see also Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) ("The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"). Accordingly, plaintiffs' motion to dismiss shall be denied.

Plaintiffs additionally move for summary judgment on their declaratory judgment claim in the case they filed against defendant in federal court, lead case SA-20-CA-774-FB. Specifically, plaintiffs seek a declaration on summary judgment that: "a. FSM did not wrongfully terminate Mr. Zokaei from FSM on or about April 20, 2020; b. FSM did not breach the alleged employment contract with Mr. Zokaei; and c. None of Plaintiffs other than FSM could have any liability to Mr. Zokaei." (Docket no. 1, at page 18, ¶ 52). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). The Court finds there are genuine issues of material fact regarding whether the elements of wrongful termination exist, including breach of contract and liability issues, which must be weighed by the trier of fact. As such, plaintiffs are not entitled to summary judgment.

    IT IS THEREFORE ORDERED that Plaintiffs' Second Motion for Partial Summary Judgment (docket no. 29) and Plaintiffs' Motion to Dismiss Defendant's Removed Action (docket no. 30) are DENIED.

    It is so ORDERED.

    SIGNED this 17th day of November, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE