IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FUNDAMENTAL SPORTS MANAGEMENT, LLC; | § | |
| RAHUL PATEL; GRANT GAINES; ROE-BRG | § | |
| INVESTMENTS, LLC; AND NICOLAS LAHOOD, | § | CIVIL ACTION NO. 5:20-CV-00774-FB |
| PLAINTIFFS, | § | (LEAD CASE) (JURY TRIAL DEMANDED) |
| | § | |
| v. | § | (CONSOLIDATED WITH 5:20-CV-00775-FB) |
| | § | |
| MAYAR ZOKAEI, | § | |
| DEFENDANT. | § | |

---

### PLAINTIFFS' SECOND MOTION TO DISMISS DEFENDANT'S REMOVED ACTION

---

TO THE HON. RICHARD B. FARRER, U.S. DISTRICT JUDGE:

**COME NOW** Plaintiffs Fundamental Sports Management, LLC ("**FSM**"); Rahul Patel ("**Patel**"); and ROE-BRG Investments, LLC ("**Roe**") (collectively, "**Plaintiffs**") and file this their Second Motion to Dismiss Defendant's Removed Action, respectfully showing the Court as follows:

## I. Summary

1.      Plaintiffs, along with Grant Gaines and Nicolas LaHood, filed their first motion to dismiss about a year ago on the same basis.  Since that time, Mayar Zokaei ("**Defendant**") stipulated to the dismissal of Gaines and LaHood.  But, Defendant still have failed to serve the remaining Plaintiffs. Therefore, this Court should dismiss the removed action filed by Defendant (5:20-CV-00775-FB) because Defendant: (1) has failed to serve Plaintiffs in over two years; (2) has failed actively pursue his claims during the same period; (3) intentionally refused to waive service and then evaded service of the summons, which forced Plaintiffs to obtain an order from this Court authorizing alternative service; and (4) has failed to plead sufficient facts in his

Original Petition ("**Petition**") [App. 10-17 (Tab A, Decl. of Lance H. "Luke" Beshara Exhibit A-1, Notice of Removal)][1] to state a plausible claim for relief.  Defendant's gamesmanship when Plaintiffs were attempting to serve him with summons makes dismissal particularly appropriate.

## II.  Factual Background

2.      On June 29, 2020, Defendant filed suit against Plaintiffs in the 285th Judicial District Court, Bexar County, Texas (the "**State Court Case**").  [App. 10].

3.      On July 3, 2020, Plaintiffs filed their Original Complaint [Doc. No. 1] in this Court (the "**Lead Case**") and removed the State Court Case to federal court under 28. U.S.C. § 1331. [App. 3-21].  Upon removal, the State Court Case was styled and numbered *Mayar Zokaei v. Fundamental Sports Management, LLC, et al.*; 5:20-cv-00775-FB; in this Court (the "**Related Case**").

4.      Plaintiffs then moved to consolidate the Related Case with the Lead Case [Doc. No. 5], which the Court granted [Doc. No. 6].  The Court then entered its order administratively closing the Related Case.  [App. 31 (Tab B, Docket Sheet: Related Case)].

## III.  Judicial Notice[2]

5.      Pursuant to Fed. R. Evid. 201(c)(2)-(d), Plaintiffs request that the Court take judicial notice of the: (1) contents of the Clerk's file in this case [*see* App. 51-54 (Tab C, Docket Sheet: Lead Case)]; (2) contents of the Clerk's file for the Related Case [*see* App. 48-50 (Tab B)];[3] and (3) contents of the Clerk's file for the State Court Case [*see* App. 7-8].

---

[1] The documents and evidence Plaintiffs rely on in support of their motion are contained in Plaintiffs' Appendix in Support of Motion to Dismiss Defendant's Claims for Affirmative Relief ("**Appendix**") [Doc. 30-1] and will be cited as "[App. XX]."

[2] Plaintiffs have provided a courtesy copy of all documents for which judicial notice is requested in their Appendix.

[3] Plaintiffs disavow the hearsay contained in these documents, except as Plaintiffs cite specific statement as party and judicial admissions of Defendant.

## IV. Legal Standard

### A. Dismissal Standard Under Fed. R. Civ. P. 12(b)(5)

6.    Fed. R. Civ. P. 12(b)(5) governs dismissal due to the failure to serve the summons and complaint under Fed. R. Civ. P. 4. *See* Fed. R. Civ. P. 12(b)(5); *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). A Rule 12(b)(5) motion to dismiss is thus the proper vehicle to seek dismissal for untimely service of process under Fed. R. Civ. P. 4(m). *Wheeler v. Ceniza*; Civil Action No. 3:12-CV-1898-L; 2013 U.S. Dist. LEXIS 35876, at *8 (N.D. Tex. Mar. 15, 2013) (internal citation omitted).

7.    A plaintiff bears the burden of establishing the validity of service in response to a Fed. R. Civ. P. 12(b)(5) motion. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Evidence outside the pleadings and the public record may be used to determine what steps, if any, were taken to perfect service. *Fields v. SDH Servs. E., LLC*; Civil Action No. 4:18-CV-01438; 2019 U.S. Dist. LEXIS 37457 at *3 (S.D. Tex. Mar. 7, 2019) (collecting cases).

### B. Dismissal Standard Under Fed. R. Civ. P. 12(b)(6)

8.    The federal pleading standards control when: (1) a case is removed from state court to federal court; and (2) a party challenges the complaint through a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018). A Fed. R. Civ. P. 12(b)(6) motion requires dismissal if a complaint does not contain sufficient factual matter to state a claim for relief that is plausible on its face. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9.    Fed. R. Civ. P. 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a), which requires a short and plain statement of the claim showing that the pleader is entitled to

relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Rule 8(a) requires more than threadbare or formulaic recitals of the elements of a claim, which are supported by conclusory allegations. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  While well-pleaded factual allegations, and any reasonable inference to be drawn from them, must be taken as true, conclusory allegations, legal conclusions, or unwarranted factual inferences, are not entitled to the same assumption of truth.  *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *see Iqbal*, 556 U.S. at 678.

10.     Although a district court primarily looks to the complaint when ruling on a Rule 12(b)(6) motion, it may also consider items subject to judicial notice, matters of public record, and items appearing in the record of the case.  *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (internal citation omitted); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 475 (5th Cir. 2002) (taking judicial notice of administrative claims).

11.     Accordingly, a Rule 12(b)(6) motion can dispose of a cause of action or an entire civil action when facts are admitted, or not controverted, or are conclusively established so that nothing further can be developed.  *See Stiel*, 816 F. App'x at 892 (citing *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952)).

## V.  <u>Arguments & Authorities</u>

## A.  <u>The Court Should Dismiss Defendant's Claims for Lack of Diligent Service</u>

12.     The Federal Rules of Civil Procedure govern defects of service when a case is removed from state court to federal court before service of process is completed. 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1).

---

13.    Fed. R. Civ. P. 4 requires a plaintiff to serve each individual defendant with a summons and a copy of the complaint within 90 days of filing their complaint.  Fed. R. Civ. P. 4(b), (c)(1), & (m).  A plaintiff must also file proof that it properly served each individual defendant with the court, unless a defendant waives service under Rule 4(d).  Fed. R. Civ. P. 4(l)(1).

14.    If a plaintiff has failed to perfect service before a case is removed, the 90-day period for service begins on the date of removal.  *King v. Jarrett*; Civil Action No. 1:15-CV-491-LY; 2016 U.S. Dist. LEXIS 196578, at *7 (W.D. Tex. June 17, 2016); *Hickman v. U.G. Lively*, 897 F. Supp. 955, 959 (S.D. Tex. 1995).  When service is not completed by this deadline, then the action is subject to dismissal for lack of service.  Fed. R. Civ. P. 4(m).

15.    Dismissal for lack of service under Rule 4(m) is generally without prejudice.  *See id.*  However, a district court can dismiss a plaintiff's claims with prejudice if two "required factors" are present: (1) there is a clear record of delay; and (2) a lesser sanction would not better serve the interests of justice.  *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013); *Rogers v. Kroger Co.*, 669 F.2d 317, 320 n.5 (5th Cir. 1982); *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 477 (5th Cir. 1981).

16.    Dismissal with prejudice is particularly appropriate if, along with the two required factors, one of several "aggravating factors" is present: (1) the delay was caused by the plaintiff as opposed to the plaintiff's attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.  *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (noting presence of any of the aggravating further supports dismissal with prejudice).

17.    Before Defendant effectuated service of any of them, Plaintiffs removed the State Court Case a year ago.  [App. 8].  Therefore, Defendant was obligated to serve each of Plaintiffs

no later than October 1, 2020.  Fed. R. Civ. P. 4(m).  Today, now over two years after Defendant filed the State Court Case and after Plaintiffs' pre-answer removal of the State Court Case, Defendant has never bothered to complete the simple task of serving Plaintiffs.  [*See* App. 7-8, 48-54].

18.     Defendant's delay in serving Plaintiffs – standing alone – warrants dismissal of his civil action without prejudice because Defendant cannot establish good cause to justify the Court granting Defendant an extension to finally serve Plaintiffs.  However, the additional presence of the aggravating factors justifies dismissing Defendant's claims with prejudice.

### i.      The Clerk's Files Establishes a Significant Period of Total Inactivity

19.     A clear record of delay is established where there have been significant periods of total inactivity that are longer than a few months.  *Thrasher*, 709 F.3d at 513; *see Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 694 (5th Cir. 2008) (per curiam) (stating seven-month delay in perfecting service could "only be characterized as 'total inactivity".).

20.     Here, the Clerk's respective files for the Lead Case, Related Case, and State Court Case all establish that there is a significant period of total inactivity this past year, each of which reveals that Defendant never: (1) requested the issuance of a citation in the State Court Case; (2) filed a waiver of service in this Court, which means that Defendant must have filed proof that Defendant served each of Plaintiffs; (3) requested a summons in the Lead Case or the Related Case; (4) filed a return of service in the Lead Case or the Related Case; or (5) requested an extension from this Court to serve Plaintiffs.  [*See* App. 7-8, 48-54].

### ii.     Defendant Cannot Establish Good Cause Necessary to Request an Extension

21.     To establish good cause, a plaintiff must prove "*at least* as much as would be required to show excusable neglect[.]"  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d

1304, 1306 (5th Cir. 1985) (emphasis in original).  Mistake of counsel, ignorance of the rules, or simple inadvertence will not suffice.  *Thrasher*, 709 F.3d at 511.

22.     Likewise, a plaintiff seeking an extension to perfect service is also normally required to show good faith and a reasonable basis for the delay in service.  *Thrasher*, 709 F.3d at 511; *see Gartin*, 289 F. App'x at 692.

23.     Defendant was never relieved of his obligation to serve each of Plaintiffs.  Neither Plaintiffs' knowledge of Defendant's claims nor the fact that the Related Case was consolidated with the Lead Case absolved Defendant of such obligation.  *See Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1014 (5th Cir. 1990); *see also Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018) ("actions do not lose their separate identity because of consolidation.").

### iii.     <u>Presence of Aggravating Factors Support Dismissal with Prejudice</u>

24.     "The furnishing of information for proper service of process is not that difficult or laborious," but rather "a simple task."  *Veazey*, 644 F.2d at 778; *Sealed Appellant*, 452 F.3d at 418-19.  A plaintiff's delay in serving a defendant threatens the integrity of the judicial process and often prejudices the defense.  *See Millan v. USAA GIC*, 546 F.3d 321, 327 (5th Cir. 2008) (internal citations omitted).  For this reason, courts view a delay between filing a complaint and perfecting service as a "critically prejudicial delay." *Porter v. Beaumont Enter. & Journal*, 743 F.2d 269, 272–73 (5th Cir. 1984) (internal citation omitted).

25.     Consistent with this precedent, Defendant's delay in serving Plaintiffs after filing the State Court Case over a year ago constitutes a critically prejudicial delay that supports dismissing Defendant's claims with prejudice.  *See Gartin*, 289 F. App'x at 694 (holding that permitting an extension to effect service after a seven-month delay between service and filing complaint was "prejudicial by its very nature").

26.     Likewise, Defendant's delay in serving Plaintiffs at this stage of the proceedings is prejudicial itself.  The Lead Case is almost ripe for disposition and resolution.  The deadline to file amended pleadings in the Lead Case and the Related Case expired at the beginning of this year. [Doc. No. 17, p. 3].  The discovery period has closed, and the deadline to file dispositive motions expires today.  [Doc. No. 17, p. 3].  Thus, Defendant's delay in serving Plaintiffs has adversely affected the proper flow of Related Case and caused Plaintiffs to suffer actual prejudice because Defendant's delay has affected every aspect of a Plaintiffs' trial preparation. *See Porter*, 743 F.2d at 272; *Sealed Appellant*, 452 F.3d at 418.

27.     Defendant's delay in perfecting service for over a year cannot be construed as anything other than an intentional delay.  An attorney's conduct can trigger the second and third aggravating factors, which are: (1) intentional delay; and (2) actual prejudice.  *Sealed Appellant*, 452 F.3d at 419. While there is no direct evidence about whether the delay in serving Plaintiffs lies with Defendant or his counsel, the acts of his attorneys are properly imputed to Defendant. *Id*.

28.     Defendant and his counsel were presented with no difficulties in serving Plaintiffs given that Plaintiffs all reside or are incorporated in Texas [Doc. No. 1 ¶¶ 1-5].  *See id.* at 418 (holding delay in perfecting service "could have only been intentional" where defendant was a U.S. corporation with a known address).  This is particularly true when, as here, Defendant could have served Plaintiffs by United States Postal Service certified mail instead of in person, which Defendant failed to even attempt.  *Compare* Fed. R. Civ. P. 4(e) (authorizing service in accordance with state law) *with* Tex. R. Civ. P. 106(a) (authorizing service by certified mail).

29.     Rather than cooperating with Plaintiffs by agreeing to mutually waive service of the summons pursuant to Fed. R. Civ. P. 4(d), Defendant elected to play a cat-and-mouse game

of evading service.   [*See* App. 22-47].[4]   After Defendant continued to evade service of the summons on at least six separate occasions, Plaintiffs were forced to file a motion with this Court to authorize service of the summons upon Defendant by alternative means.   [Doc. No. 7]. This conduct demonstrates that Defendant acted in bad faith from the outset when it came to service of the summons and also supports this Court dismissing the Related Case with prejudice.

### iv.      Lesser Sanctions Will Not Better Serve the Interests of Justice in this Case

30.      The interests of justice will not be better served by lesser sanctions when there is a clear record of delay between filing suit and perfecting service characterized by significant periods of total inactivity.   *Veazey*, 644 F.2d at 778 (internal quotations and citation omitted).

31.      Defendant's delay in serving Plaintiffs has given rise to a situation in which the interests of justice would not be better served by lesser sanctions.   Allowing Defendant to serve Plaintiffs at this late stage of the proceedings would defeat the purpose of consolidating cases, which is increasing expediency while reducing expenses and repetition.   *See* Fed. R. Civ. P. 42(a); *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).   If the Court were to grant Defendant an extension of time to serve Plaintiffs, then this Court would need to enter a new scheduling order – in the interests of fairness – because important pretrial deadlines have already expired, which would necessarily prejudice Plaintiffs.   [*See* Doc. No. 17, p. 3].

32.      Fed. R. Civ. P. 16(b) governs amendments to scheduling orders after the deadline to file amended pleadings has expired.   *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021).   Rule 16(b) states that a scheduling order may be modified only for "good cause" and with the district court's consent.   Fed. R. Civ. P. 16(b)(4). A party can only establish "good

---

[4] Plaintiffs include this evidence *only* for purposes of its motion to dismiss under Fed. R. Civ. P. 12(b)(5) and to show that Defendant failed to take steps to properly serve Plaintiffs. *See Fields*, 2019 U.S. Dist. LEXIS 37457, at *3 (stating evidence outside the pleadings and the public record may be used to determine what steps, if any, were taken to perfect service).

cause" under Rule 16(b) by showing that, despite its diligence, the party cannot meet a scheduling order's deadlines. *Olivarez*, 997 F.3d at 602.

33. The good cause standard under Fed. R. Civ. P. 16(b) is akin to the good cause standard under Rule 4(m). Both require the party seeking an extension to present a reasonable basis for why the extension is needed despite the party's diligence. Defendant, who himself intentionally refused to waive and then evaded service of the summons without valid excuse and only for the purpose of delaying and running up the costs of this litigation, cannot present any evidence to show that he acted diligently during his over year-long delay. Therefore, the interests of justice will not be better served by any lesser sanctions, and this Court should grant this motion and dismiss Defendant's claims with prejudice.

## B.  Defendant Failed to Plead a Plausible Cause of Action for Breach of Contract

34. A breach of contract claim requires pleading and proof that: (1) a valid contract exists between the plaintiff and the defendant; (2) performance of the plaintiff under the contract was fulfilled, tendered, or excused; (3) there was a material breach of the contract by the defendant; and (4) the plaintiff suffered damages as a natural, probable, and foreseeable result of the defendant's breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

35. To plead the existence of a valid contract, a plaintiff must: (1) quote relevant contractual language; (2) include a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect. *Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005).

36. To plead enough facts to summarize the contract's purported legal effect, a plaintiff must identify: (1) the precise contract that gives rise to their claim; (2) the date the

parties executed the contract; and (3) the identities of the parties that signed the contract.  *See*

*Duran v. Bar-S Foods Co.*; Civil Action No. H-15-788; 2015 U.S. Dist. LEXIS 70237, at \*9-10

(S.D. Tex. June 1, 2015).

37.     A breach of contract cannot occur until a party fails or refuses to do something

such party covenanted to do.  *Am. Int'l Specialty Lines Ins. Co. v. Res-Care, Inc.*, 529 F.3d 649,

666 (5th Cir. 2008).  Accordingly, a plaintiff must identify the specific provisions of an alleged

contract that a defendant breached to adequately plead a breach of a contract.  *Doe v. Baylor*

*Univ.*, 336 F. Supp. 3d 763, 789 (W.D. Tex. 2018) (internal quotations and citation omitted).

38.     A plaintiff fails to plead sufficient facts about the terms of a contract to raise its

right to relief above the speculative level if a court cannot identify the specific provisions that a

defendant has allegedly materially breached.  *Innova Hosp. San Antonio, L.P. v. Blue Cross &*

*Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 603 (N.D. Tex. 2014) (citing *Twombly*, 550

U.S. at 555).

39.     More importantly, Defendant also failed to plead facts sufficient to demonstrate

the purported legal effect of Defendant's alleged "employment" contract.  *See T.O. Stanley Boot*

*Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) (stating the terms of the contract must

be sufficiently certain to enable a court to determine the rights and responsibilities of the parties

for a contract to be enforceable).  For example, Defendant failed to plead his position with FSM

and his obligations under the alleged "employment" contract.  Put simply, Defendant failed to

plead any factual allegations that might allow this Court to reasonably infer that a valid, binding,

and enforceable "employment" contract was ever formed.

40.     Even though he failed to identify the parties' obligations under the alleged

"employment" contract, Defendant conclusorily alleged that "Plaintiffs" (which could have only

been FSM, the only party to such alleged contract) breached the alleged "employment" contract by failing to reimburse Defendant for expenses that he supposedly incurred while "performing" unspecified duties. [App. 12-14]. But the pleading standard under Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

41. Defendant's conclusory allegation that "Plaintiffs" breached the alleged "employment" contract falls short of the pleading standard required under Fed. R. Civ. P. 8(a). Worse still, Defendant's threadbare allegations leave the Court with nothing to do but speculate about what the terms of the alleged "employment" contract were, and thus the plausibility of Defendant's entire breach of contract claim itself. Consequently, Defendant through his live pleading has failed to adequately plead that Plaintiffs (but in reality, only FSM) have breached this alleged "employment" contract. Therefore, this Court should dismiss this cause of action due to Defendant's failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

    **i.**    <u>**Wrongful Termination**</u>

42. The rule in Texas for well over a century is that employment is at-will unless proven otherwise. *Midland Judicial Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W.3d 486, 487 (Tex. 2002) (per curiam). That is, an employer can terminate an employee for good cause, bad cause, or no cause unless an employment agreement provides otherwise. *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998).

43. A plaintiff-employee has the burden of proving that the employer agreed to modify their at-will employment status.[5] *See Brown*, 965 S.W.2d at 502-03. To do so, the

---

[5] Defendant does not allege that any of Plaintiffs other than FSM "employed" him. Regardless, FSM and the rest of Plaintiffs deny that Defendant was an "employee" of FSM.

plaintiff must prove that the employer expressly agreed not to terminate the employee except under clear and specific circumstances. *Id.* at 502; *Jones*, 92 S.W.3d at 487.

44.     In the Related Case, Defendant alleges that: (1) Plaintiffs agreed to employ him for at least a year, but then terminated him without cause two months later; and (2) he had written employment contract. [App. 12-13].   In the Lead Case, Defendant denied that he "assented" to the terms of the unsigned independent contractor agreement. [*Compare* Doc. No. 1 at ¶ 14 *with* Doc. No. 12 at ¶ 14].

45.     Moreover, Defendant's live pleading in the Related Case pleads no allegation that Plaintiffs (and more specifically, FSM) agreed to limit the ability to terminate Defendant's "employment" during the alleged annual term of his alleged employment contract.  [*See* App. 10-17].  In fact, Defendant failed even to plead the material terms of the alleged written contract, or to attach a copy of the alleged written contract to his live pleading.  As a result, Defendant has failed to satisfy his burden of proving that Plaintiffs clearly and expressly agreed to modify Defendant's status as an at-will employee.  Therefore, this Court should dismiss Defendant's wrongful termination claim with prejudice.

### ii.     <u>Unpaid Expenses</u>

46.     Defendant's allegations in support of his breach of contract claim for unpaid expenses track only the first three elements necessary to support this cause of action, but Defendant failed to plead any facts in support of the fourth element.  [App. 13-15].  Regardless, this Court should disregard Defendant's conclusory allegations because they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679-80.  Therefore, this Court should dismiss Defendant's claim for unpaid expenses with prejudice.

47.     According to his allegations, Defendant's breach of contract claim for unpaid expenses arises from his alleged written "employment" contract with FSM.   [App. 14]. However, Defendant failed to attach a copy of his alleged "employment" contract with FSM to his live pleading as an exhibit.  And while Defendant alleges that he began working for FSM on or around February 1, 2020, Defendant failed to identify the date that the parties executed his alleged "employment" contract. [App. 12-14].  Nor did Defendant identify which parties, if any (including Defendant himself), supposedly executed the alleged "employment" contract.  [App. 12-14].  Therefore, this Court should dismiss Defendant's unpaid reimbursement with prejudice.

**iii.     Defendant Failed to Allege Facts to Show Damages**

48.     Contract damages under Texas law are intended to compensate a party for its benefit of the contract.  *See CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 278 (5th Cir. 2009); *Atrium Med. Ctr., LP v. Hous. Red C LLC*, 595 S.W.3d 188, 192 (Tex. 2020). Thus, to support a cause of action for breach of contract, a plaintiff must plead it suffered some monetary loss as a result of the alleged breach.  *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 353 (5th Cir. 2011) (internal citation omitted; applying Texas law).

49.     Additionally, a plaintiff's loss must be the natural, probable, and foreseeable consequence of the defendant's breach.  *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex. 1981).  A plaintiff may not recover damages for breach of contract if the damages are remote, contingent, speculative, or conjectural.  *CQ, Inc.*, 565 F.3d at 278.  In addition, damages cannot be recovered as a result of mere speculation or conjecture.  *Sanders v. Flanders*, 564 F. App'x 742, 744 (5th Cir. 2014).

50.     Consequently, district courts throughout this district regularly dismiss breach of contract claims due to failure to plead actual damages with specificity.  *See, e.g., Langen v.*

*Sanchez Oil & Gas Corp.*, No. 4:18-02840, 2019 U.S. Dist. LEXIS 65491, at *9 (S.D. Tex. Apr. 17, 2019) (collecting cases); *Juarez v. Wells Fargo Bank, N.A.*, No. SA-19-CV-01081-XR, 2020 U.S. Dist. LEXIS 175152, at *16-18 (W.D. Tex. Sept. 23, 2020).

51.     Defendant failed to plead any facts about the amount of actual damages he supposedly suffered as a result of the alleged breach of contract by Plaintiffs (and more particularly, FSM).   Instead, Defendant pleads only that he is entitled to damages because Plaintiffs allegedly: (1) wrongfully terminated him, though Defendant never pleads to what compensation he would have been entitled in the absence of the termination; and (2) failed to reimburse him for expenses he incurred while "performing" his job duties.   [App. 12-14]. Therefore, Defendant failed to plead that he suffered any actual damages as a result of the alleged breach of his alleged "employment" contract with Plaintiffs (and more particularly, FSM).   *Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-3335-G-BN, 2018 U.S. Dist. LEXIS 146276, at *30 (N.D. Tex. July 27, 2018), *rep. and recom. adopted*, 2018 U.S. Dist. LEXIS 145741 (N.D. Tex. Aug. 27, 2018).

52.     Likewise, Defendant also failed to plead adequately that his alleged "employment" contract covered the unpaid expenses that he seeks to recover in this action. *Innova Hosp. San Antonio*, 995 F. Supp. 2d at 603 (finding plaintiffs' allegations that defendants failed to pay the reimbursement rate "required by the contracts" or the "contractually agreed upon amounts," was inadequate to plead damages element).   In the absence of sufficient factual allegations, then any damages that Defendant seeks to recover are speculative or conjectural at best, which is not enough to overcome a motion to dismiss.   After disregarding the conclusory allegations, Defendant has failed to plead allegations sufficient to support this cause of action, and this Court should dismiss this cause of action for failure to state a claim.

**C.  Defendant Failed to Assert a Plausible Claim for Unpaid Wages Under the FLSA**

53.     Defendant asserts that he brings his Fair Labor and Standards Act of 1938, 29 U.S.C. 201, *et seq.* ("**FLSA**") claim under 29 C.F.R. § 790.21. [App. 14].   The text of this regulation, however, reveals that it does not create a private cause of action.  *See* 29 C.F.R. § 790.21.   In any event, the FLSA provides a private cause of action against an employer for unpaid minimum wages or unpaid overtime wages only, not unpaid wages generally.  29 U.S.C. § 216(b); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 968 n.1 (5th Cir. 1984).

54.     To assert an FLSA claim for unpaid wages, a plaintiff must at a minimum allege: (1) the plaintiff was an employee covered by the FLSA; (2) the employer failed to pay the FLSA-required wages; and (3) the amount of unpaid FLSA-required wages due.  *See Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 786 (5th Cir. 2020); *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

55.     In his live pleading, Defendant failed to plead allegations sufficient to allege that: (1) he was an employee of any of Plaintiffs covered by the FLSA, except FSM; (2) any of Plaintiffs, including FSM, failed to pay him the FLSA-required wages; and (3) the amount of the unpaid wages.  Instead, Defendant only asserted conclusory allegations that he is a non-exempt employee of FSM (and contradictorily, Defendant sought recovery against all Plaintiffs), and that Plaintiffs, as a collective group, failed to pay Defendant his wages when due.  [App. 14].

56.     As a result, the Court can and should dismiss Defendant's FLSA claim based upon Defendant making only conclusory allegations.  *See Timm v. Advanced Eng'g Sols., Inc.*; Civil Action No. A-12-CV-227 ML; 2014 U.S. Dist. LEXIS 200510, at *16 (W.D. Tex. Mar. 18, 2014) (concluding allegations that plaintiff was not paid promised monthly salary "falls far short of establishing [plaintiff] is entitled to relief under the FLSA.").

57.     At any rate, Defendant cannot plead a plausible claim for unpaid wages under the FLSA. The FLSA does not provide a private cause of action against an employer for "general" unpaid wages.  *See, e.g., Karna v. BP Corp. N. Am.*, 11 F. Supp. 3d 809, 816 (S.D. Tex. 2014); *see Villa v. Waters*; Civil Action No. SA-09-CV-0113-XR; 2009 U.S. Dist. LEXIS 49238, at *4-6 (W.D. Tex. June 11, 2009); *Timm v. Advanced Eng'g Solutions, Inc.*; Civil Action No. A-12-CV-227 ML; 2014 U.S. Dist. LEXIS 200510 at *15-16 (W.D. Tex. Mar. 18, 2014) (noting plaintiff failed to meet burden because he did not specify the number of hours worked per week but instead only averred he was not paid the promised monthly salary); *Valcho v. Dallas County Hosp. Dist.*, 658 F. Supp. 2d 802, 811 (N.D. Tex. 2009) ("Gap time" claims, which are general claims for unpaid wages, are not cognizable under the FLSA because the "employees are still being paid a minimum wage when their salaries are averaged across their actual time worked.") (internal citations and quotations omitted).

58.     Defendant's FLSA claim turns on Defendant's allegation that Plaintiffs (or more specifically, FSM) did not pay Defendant for the time he worked in April of 2020 before Defendant was terminated from FSM. [App. 12-14].   That is the extent of Defendant's allegations.  Defendant fails to specify how many hours he worked, or how much he is owed under the FLSA cause of action.  Therefore, Defendant has failed to state a cause of action under the FLSA.

## VI.  Attorney's Fees

59.     Plaintiffs will seek recovery of costs and attorney fees in accordance with Local Rule CV-7(j)(1) and Fed. R. Civ. P. 54(d)(2).

## VII.  <u>Prayer</u>

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiffs pray that the Court grant this Motion, dismiss the Related Case and Defendant's claims for affirmative relief against Plaintiffs with prejudice as requested herein, and award Plaintiffs all such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**PATEL GAINES, PLLC**
221 West Exchange Avenue, Suite 306
Fort Worth, Texas 76164
<u>www.patelgaines.com</u>
(817) 394-4844 | Telephone
(817) 394-4344 | Facsimile

By: *<u>/s/ Lance H. "Luke" Beshara</u>*
Lance "Luke" H. Beshara
Texas State Bar No. 24045492
<u>lbeshara@patelgaines.com</u>

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I certify that the date this document was filed with the Clerk of the Court, a true and correct copy was transmitted in accordance with the requirements of the Federal Rules of Civil Procedure, addressed as follows:

***<u>Via ECF Service</u>***:
John D. Murphy
Husein Hadi

*<u>/s/ Lance H. "Luke" Beshara</u>*
Lance H. "Luke" Beshara