IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FUNDAMENTAL SPORTS MANAGEMENT, LLC, RAHUL PATEL, ROE-BRG INVESTMENTS, LLC, | § § § § | 5-20-CV-00774-RBF |
| *Plaintiffs*, | § § | (CONSOLIDATED WITH 5-20-CV-00775) |
| vs. | § § § | |
| MAYAR ZOKAEI, | § § § | |
| *Defendant*. | § § | |

**THIRD AMENDED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following deadlines will govern the remainder of this case:

1.   Final Joint Pretrial Order: The deadline to file a **Final Joint Pretrial Order**, if the parties so choose, is **October 31, 2022**. The Court is in receipt of the parties' Second Amended Joint Pretrial Order, Dkt. No. 59, filed April 12, 2022, which will remain in effect unless the parties confer and file a new Final Joint Pretrial Order. In lieu of a Final Joint Pretrial Order, the parties may elect to separately file **Proposed Findings of Fact and Conclusions of Law** by this date. After trial, the Court may also direct the prevailing party/parties to file Proposed Findings of Fact and Conclusions of Law as the Court deems necessary. The Court is in receipt of the parties' prior filings in this regard as well, and those prior filings will remain in effect unless superseded by new Proposed Findings of Fact and Conclusions of Law.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which should contain the following (if any information below is unchanged from the prior submission and a new submission is provided, please copy and paste the unchanged information into the new submission to make it a complete document with all needed information in one location):

(1) a list of each party, its counsel, and counsel's address and telephone number in separate paragraphs;

(2) a brief statement of the case;

(3) a short statement identifying the Court's jurisdiction. If there is an unresolved or potential jurisdictional question, explain it;

(4) a summary of the remaining claims and defenses of each party;

(5) a list of facts all parties have reached agreement upon;

(6) a list of contested issues of fact;

(7) a list of the legal propositions that are not in dispute;

(8) a list of contested issues of law;

(9) a list of all exhibits expected to be offered;

> **At least three (3) days before the Final Joint Pretrial Order is due**, counsel will make all exhibits, including documentary and demonstrative exhibits, available for examination by opposing counsel. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(10) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(11) the name of those witnesses whose testimony is expected to be presented by means of a deposition and designation by reference to page and line of the testimony to be offered (except those to be used for impeachment only) and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony;

(12) an estimate of the length of trial;

(13) for this nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(14) the signatures of all attorneys; and

(15) a place for the date and the signature of the presiding judge.

The parties are advised to consult Local Rule CV-16(g) for objections that must be filed in advance of the final pretrial conference. Any objection must provide the specific basis for the objection sufficient to enable the Court to identify the objectionable evidence and evaluate the objection.[1] Objections not timely lodged

---

[1] Generic or nonspecific objections, such as a "hearsay" objection to an entire document that contains both inadmissible hearsay and admissible evidence, may result in a forfeiture of the objection.

shall be deemed waived or forfeited unless the untimeliness is excused by the Court for good cause shown.

2.   <u>Final Pretrial Conference:</u> The final pretrial conference is set for **November 7, 2022**, at **10:30 a.m.** Counsel must appear in-person. **Counsel should confer prior to this hearing on any issues raised in the Final Joint Pretrial Order.** Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least **three (3) days prior to the Final Pretrial Conference**, so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the Final Pretrial Conference.

3.   <u>Trial Date:</u> This case is set for a two-day bench trial beginning on **November 14, 2022**, at **<u>9:00 a.m.</u> The parties should not expect that this trial date will be moved except in response to a significant showing of extenuating circumstances.** Any then-pending dispositive motions must be renewed after the close of evidence.

**IT IS SO ORDERED.**

SIGNED this 13th day of October, 2022.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE